UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ONTRIEL JONES aka ONTRIEL        No. 2:12-CV-1141-TLN-CKD
HORNBACK,

       Plaintiff,          **AMENDED** PRETRIAL SCHEDULING ORDER

     v.

COUNTY OF SACRAMENTO, et al.,

       Defendants.
_____/

     In light of the Order of Reassignment to the Honorable Troy L. Nunley, and the parties' Joint Stipulation to Modify the Scheduling Order, the Court amends the Pretrial Scheduling Order.

     I.    SERVICE OF PROCESS

     All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

     II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

     No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

     III. JURISDICTION/VENUE

     Jurisdiction is predicated upon 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). Jurisdiction and venue are not contested.
///

1

1    IV.   <u>DISCOVERY</u>

2    All discovery, with the exception of expert discovery, shall

3 be completed by **September 27, 2013.**   In this context, "completed"

4 means that all discovery shall have been conducted so that all

5 depositions have been taken and any disputes relative to

6 discovery shall have been resolved by appropriate order if

7 necessary and, where discovery has been ordered, the order has

8 been obeyed.   All motions to compel discovery must be noticed on

9 the magistrate judge's calendar in accordance with the local

10 rules of this Court.

11    Any request to deviate from the Federal Rules of Civil

12 Procedure should be made to the assigned Magistrate Judge.

13    V.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

14    All counsel are to designate in writing, file with the

15 Court, and serve upon all other parties the name, address, and

16 area of expertise of each expert that they propose to tender at

17 trial not later than **November 8, 2013.**[1]   The designation shall be

18 accompanied by a written report prepared and signed by the

19 witness.   The report shall comply with Fed. R. Civ. P.

20 26(a)(2)(B).

21    Within twenty (20) days after the designation of expert

22 witnesses, any party may designate a supplemental list of expert

23 witnesses who will express an opinion on a subject covered by an

24 expert designated by an adverse party.

25    The right to designate a supplemental expert for rebuttal

26

27    [1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S.

28 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

purposes only shall apply to a party who has not previously
disclosed an expert witness on the date set for expert witness
disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as
set forth above in all likelihood will preclude that party from
calling the expert witness at the time of trial.  An expert
witness not appearing on the designation will not be permitted to
testify unless the party offering the witness demonstrates:
(a) that the necessity for the witness could not have been
reasonably anticipated at the time the list was proffered;
(b) that the Court and opposing counsel were promptly notified
upon discovery of the witness; and (c) that the witness was
promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert"
is any person who my be used at trial to present evidence under
Rules 702, 703, and 705 of the Federal Rules of Evidence, which
include both "percipient experts" (persons who, because of their
expertise, have rendered expert opinions in the normal course of
their work duties or observations pertinent to the issues in the
case) and "retained experts" (persons specifically designated by
a party to be a testifying expert for the purposes of
litigation).

Each party shall identify whether a disclosed expert is
percipient, retained, or both.  It will be assumed that a party
designating a retained expert has acquired the express permission
of the witness to be so listed.

Parties designating percipient experts must state in the
designation who is responsible for arranging the deposition of

1  such persons.

2      All experts designated are to be fully prepared at the time
3  of designation to render an informed opinion, and give their
4  bases for their opinion, so that they will be able to give full
5  and complete testimony at any deposition taken by the opposing
6  party.  Experts will not be permitted to testify at the trial as
7  to any information gathered or evaluated, or opinion formed,
8  after deposition taken subsequent to designation.

9      Counsel are instructed to complete all discovery of expert
10 witnesses in a timely manner in order to comply with the Court's
11 deadline for filing dispositive motions.

12     VI.  <u>MOTION HEARING SCHEDULE</u>

13     The last day to hear dispositive motions shall be **February
14 13, 2014**.  The parties shall comply with the following filing
15 deadlines:

16
|  |  |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

22     All purely legal issues are to be resolved by timely
23 pretrial motions.  Failure to comply with Local Rules 230 and
24 260, as modified by this Order, may be deemed consent to the
25 motion and the Court may dispose of the motion summarily.
26 ///

27

28

4

1          Further, failure to timely oppose a summary judgment motion[2]

2    may result in the granting of that motion if the movant shifts

3    the burden to the nonmovant to demonstrate that a genuine issue

4    of material fact remains for trial.

5          The Court places a page limit for points and authorities

6    (exclusive of exhibits and other supporting documentation) of

7    twenty (20) pages on all initial moving papers, twenty (20) pages

8    on oppositions, and ten (10) pages for replies.  All requests for

9    page limit increases must be made in writing to the Court setting

10   forth any and all reasons for any increase in page limit at least

11   fourteen (14) days prior to the filing of the motion.

12         For the Court's convenience, citations to Supreme Court

13   cases should include parallel citations to the Supreme Court

14   Reporter.

15         The parties are reminded that a motion in limine is a

16   pretrial procedural device designed to address the admissibility

17   of evidence.  The Court will look with disfavor upon

18   dispositional motions presented at the Final Pretrial Conference

19   or at trial in the guise of motions in limine.

20         The parties are cautioned that failure to raise a

21   dispositive legal issue that could have been tendered to the

22   court by proper pretrial motion prior to the dispositive motion

23   cut-off date may constitute waiver of such issue.

24   ///

25   ///

26

27         [2] The Court urges any party that contemplates bringing a
     motion for summary judgment or who must oppose a motion for
28   summary judgment to review Local Rule 260.

1    VII. <u>FINAL PRETRIAL CONFERENCE</u>

2        The Final Pretrial Conference is set for **May 22, 2014**, at
3    **2:00 p.m.** At least one of the attorneys who will conduct the
4    trial for each of the parties shall attend the Final Pretrial
5    Conference.  If by reason of illness or other unavoidable
6    circumstance a trial attorney is unable to attend, the attorney
7    who attends in place of the trial attorney shall have equal
8    familiarity with the case and equal authorization to make
9    commitments on behalf of the client.

10       Counsel for all parties are to be fully prepared for trial
11   at the time of the Final Pretrial Conference, with no matters
12   remaining to be accomplished except production of witnesses for
13   oral testimony.

14       The parties shall file, not later than **April 24, 2014**, a
15   Joint Final Pretrial Conference Statement.  The provisions of
16   Local Rules 281 shall apply with respect to the matters to be
17   included in the Joint Final Pretrial Conference Statement.  In
18   addition to those subjects listed in Local Rule 281(b), the
19   parties are to provide the Court with a plain, concise statement
20   that identifies every non-discovery motion tendered to the Court
21   and its resolution.  Failure to comply with Local Rule 281, as
22   modified by this Pretrial Scheduling Order, may be grounds for
23   sanctions.

24       At the time of filing the Joint Final Pretrial Conference
25   Statement, counsel shall also electronically mail to the Court in
26   digital format compatible with Microsoft Word, the Joint Final
27   Pretrial Conference Statement in its entirety including the
28   ///

6

witness and exhibit lists.  **These documents shall be sent to: tlnorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide

a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the

1  listing of exhibits or witnesses that a party does not intend to
2  offer will be viewed as an abuse of the court's processes.
3      The parties also are reminded that pursuant to Rule 16 of
4  the Federal Rules of Civil Procedure it will be their duty at the
5  Final Pretrial Conference to aid the Court in: (a) the
6  formulation and simplification of issues and the elimination of
7  frivolous claims or defenses; (b) the settling of facts that
8  should properly be admitted; and (c) the avoidance of unnecessary
9  proof and cumulative evidence.  Counsel must cooperatively
10  prepare the Joint Final Pretrial Conference Statement and
11  participate in good faith at the Final Pretrial Conference with
12  these aims in mind.  A failure to do so may result in the
13  imposition of sanctions which may include monetary sanctions,
14  orders precluding proof, elimination of claims or defenses, or
15  such other sanctions as the Court deems appropriate.
16      VIII.  <u>TRIAL BRIEFS</u>
17      The parties shall file trial briefs not later than **May 8,**
18  **2014.**  Counsel are directed to Local Rule 285 regarding the
19  content of trial briefs.
20      IX.  <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>
21      Any evidentiary or procedural motions are to be filed by **May**
22  **1, 2014.**  Oppositions must be filed by **May 8, 2014,** and any reply
23  must be filed by **May 14, 2014.**  The motions will be heard by the
24  Court at the same time as the Final Pretrial Conference.
25      X.  <u>TRIAL SETTING</u>
26      The trial is set for **July 28, 2014, at 9:00 a.m.**  Trial will
27  be by jury.  The panel will consist of **seven (7) jurors.**  The
28  parties estimate a trial length of **five () days.**

1        XI.   <u>SETTLEMENT CONFERENCE</u>

2        At the Final Pretrial Conference, the Court may set a

3   settlement conference if the parties so request.  In the event no

4   settlement conference is requested, the parties are free to

5   continue to mediate or attempt to settle the case with the

6   understanding that the trial date is a firm date.

7        In the event a settlement conference is set by the Court,

8   counsel are instructed to have a principal with full settlement

9   authority present at the Settlement Conference or to be fully

10  authorized to settle the matter on any terms.  At least seven (7)

11  calendar days before the settlement conference, counsel for each

12  party shall submit to the chambers of the settlement judge a

13  confidential Settlement Conference Statement.  Such statements

14  are neither to be filed with the Clerk nor served on opposing

15  counsel.  Each party, however, shall serve notice on all other

16  parties that the statement has been submitted.  If the settlement

17  judge is not the trial judge, the Settlement Conference Statement

18  shall not be disclosed to the trial judge.

19       Notwithstanding the foregoing, the parties may request a

20  settlement conference prior to the Final Pretrial Conference if

21  they feel it would lead to the possible resolution of the case.

22  In the event an early settlement conference date is requested,

23  the parties shall file said request jointly, in writing.  The

24  request must state whether the parties waive disqualification,

25  pursuant to Local Rule 270(b), before a settlement judge can be

26  assigned to the case.  Absent the parties' affirmatively

27  requesting that the assigned Judge or Magistrate Judge

28  participate in the settlement conference AND waiver, pursuant to

10

Local Rule 270(b), a settlement judge will be randomly assigned to the case.

XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

XIII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause.** Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances.

XIV. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) <u>court</u> days of service of this Order.

IT IS SO ORDERED.

DATED:   July 30, 2013

Troy L. Nunley
United States District Judge