1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   ONTRIEL JONES aka ONTRIEL                    No.  2:12-cv-01141 TLN CKD
     HORNBECK,
12
                      Plaintiff,
13                                                **ORDER GRANTING PLAINTIFF'S**
            v.                                    **MOTION TO AMEND COMPLAINT**
14
     COUNTY OF SACRAMENTO;
15   SACRAMENTO COUNTY SHERIFF'S
     DEPARTMENT; SCOTT R. JONES in his
16   individual and official capacity;
     UNKNOWN DEPUTY NO. 1, in his/her
17   official capacity; and DOES 2 through 50,

18                    Defendants.

19

20          This matter is before the Court pursuant to Plaintiff Ontriel Jones's ("Plaintiff") Motion to

21   Amend Complaint.  (ECF No. 13.)  Defendants County of Sacramento, Sacramento County

22   Sheriff's Department and Sheriff Scott R. Jones (collectively hereinafter referred to as

23   "Defendants") oppose Plaintiff's motion.  (ECF No. 16.)  The Court has carefully considered the

24   arguments raised by both parties.  For the reasons set forth herein, Plaintiff's Motion (ECF No.

25   13), is GRANTED IN PART and DENIED IN PART.

26

27   //

28   //

                                                  1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was an inmate at the Sacramento County Main Jail from February 24, 2011, to March 1, 2011.  (ECF No. 1-1 at ¶ 1.)[1]  Plaintiff was arrested on February 24, 2011, for possession of a controlled substance without a prescription and booked into the Sacramento County Jail.  (ECF No. 1-1 at ¶ 14–15.)

During booking, Defendants told Plaintiff he needed to be searched because of the nature of his arrest.  (ECF No. 1-1 at ¶ 14.)  Plaintiff alleges he refused the search and asked that if the search was necessary that it occur in a private area.  (ECF No. 1-1 at ¶ 17.)  Plaintiff claims that the officers took him to a private area, forced him to the ground, and placed him in a restraint hold.  (ECF No. 1-1 at ¶ 18.)  Plaintiff asserts that at no time did he resist the officers.  (ECF No. 1-1 at ¶ 18(a).)

Plaintiff alleges the restraint hold injured his arm.  (ECF No. 1-1 at ¶ 19.)  He immediately reported the injury to the officers and in response, a nurse was sent to his holding cell.  (ECF No. 1-1 at ¶ 26–27.)  Plaintiff alleges that later that night officers came back and escorted him to the medical unit.  (ECF No. 1-1 at ¶ 28.)  In the medical unit, Plaintiff asserts he was looked at by the same nurse and remained there overnight.  (ECF No. 1-1 at ¶ 29.)  Plaintiff claims that the next morning he was seen by a doctor, who took x-rays and gave him pain medication.  (ECF No. 1-1 at ¶ 30.)

Plaintiff further alleges that after the x-rays, he was taken back to his cell and later visited by the same doctor who told him that his arm was badly broken.  (ECF No. 1-1 at ¶ 30–31.)  Plaintiff asserts that on February 26, 2011, and February 27, 2011, he was left in his cell and provided minimal pain medication on the 26th and no medication the following day.  (ECF No. 1-1 at ¶ 32.)  Plaintiff contends that on February 28, 2011, an orthopedic surgeon visited him and told Plaintiff that he needed surgery immediately.  (ECF No. 1-1 at ¶ 33.)  Plaintiff claims that the prison did nothing further with regards to his injury.  (ECF No. 1-1 at ¶ 33(a).)

Plaintiff asserts that upon his release on March 1, 2011, he immediately sought treatment

---

[1] All page numbers cited herein refer to those assigned by the Court's electronic docketing system and not those assigned by the parties.

2

1    at Sutter General Hospital.  (ECF No. 1-1 at ¶ 34–35.)  Plaintiff contends that he was admitted to

2    the UC Davis Hospital ER on March 7, 2011, where he underwent surgery and remained in

3    recovery for approximately a week.  (ECF No. 1-1 at ¶ 35(a)–36(b).)

4         Plaintiff filed a Government Claim on March 10, 2011.  Defendants denied Plaintiff's

5    claim on September 14, 2011.  (ECF No. 1-1 at ¶ 3.)  Plaintiff subsequently filed suit in

6    Sacramento County State Court on March 19, 2012 (ECF No. 1-1), and Defendants removed the

7    action to Federal Court on April 27, 2012.  (ECF No. 1.)

8         Defendants claim they served their Initial Disclosures pursuant to Federal Rule of Civil

9    Procedure 26(a)(1) on December 10, 2012.  (ECF No. 16 at 2.)  Plaintiff asserts he did not receive

10   the Initial Disclosures until May 1, 2013, after he sent another request.  (ECF No. 18 at 4.)

11   Subsequently, Plaintiff deposed Deputy Youngberg on September 24, 2013.  (ECF No. 18 at 4.)

12        Discovery closed pursuant to the second amended pretrial scheduling order on January 10,

13   2014.  (ECF No. 12 at 2.)  Plaintiff filed a motion to amend his complaint on January 15, 2014.

14   (ECF No. 13.)  Trial is set to commence on September 8, 2014.  (ECF No. 12 at 9.)

15        Plaintiff's Motion to Amend Complaint seeks leave to substitute Deputy Youngberg as a

16   named defendant for DOE No. 1 and to name County and Sheriff as named defendants in the

17   third cause of action.  (ECF No. 13.)  Defendants oppose the motion to amend complaint.  (ECF

18   No. 16.)

19        **II.    LEGAL STANDARD**

20        Granting or denying leave to amend a complaint rests in the sound discretion of the trial

21   court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court

22   issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal

23   Rule of Civil Procedure ("FRCP") 16 governs any amendments to the complaint.  *Coleman v.*

24   *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under FRCP 16,

25   a plaintiff must show good cause for not having amended the complaint before the time specified

26   in the pretrial scheduling order.  *Id.*  The good cause standard primarily considers the diligence of

27   the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

28   Cir. 1992).  "Moreover, carelessness is not compatible with a finding of diligence and offers no

3

1   reason for a grant of relief." *Id.*   The focus of the inquiry is on the reasons why the moving party

2   seeks to modify the complaint. *Id.*   If the moving party was not diligent then good cause cannot

3   be shown and the inquiry should end. *Id.*  The Court is not required under FRCP 16(b) to

4   consider prejudice in making its determination, but prejudice to the nonmoving party can provide

5   an additional reason for denying the motion to amend. *Coleman*, 232 F.3d at 1295.  "[W]hen

6   examining the necessity for modification, the Court may consider prejudice to the non-moving

7   party." *Metro Produce Distributions, Inc. v. City of Minneapolis*, 473 F. Supp. 2d 955, 964 (D.

8   Minn. 2007).  "Even if some prejudice to the adverse party is found, that prejudice must be

9   balanced against the hardship to the moving party if he is denied leave to amend." *Scott v.*

10  *Crescent Tool Co.*, 306 F. Supp. 884, 886 (N.D. Ga. 1969).

11      Even if the good cause standard is met under FRCP 16(b), the Court has the discretion to

12  refuse the amendment if it finds reasons to deny leave to amend under FRCP 15(a).  *Sullivan v.*

13  *Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010).  FRCP 15(a) factors include undue delay,

14  bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by

15  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

16  the amendment, and futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Undue

17  delay by itself is insufficient to justify denying a motion to amend.  *Bowles v. Reade*, 198 F.3d

18  752, 758 (9th Cir. 1999).  Rather, the Court must also make a finding of "prejudice to the

19  opposing party, bad faith by the moving party, or futility of the amendment." *Id.*  A court may

20  deny leave to amend for one or more of these reasons "only if there is strong evidence." *Sonoma*

21  *Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

22      **III.   ANALYSIS**

23      Plaintiff seeks an order allowing him to amend his complaint by replacing DOE No. 1

24  with Deputy Youngberg as a named defendant and to add County of Sacramento ("County") and

25  Sheriff Jones ("Sheriff")[2] as named defendants in the third cause of action of the complaint.

26  (ECF No. 13.)  Additionally, Plaintiff requests sanctions be imposed on Defendants should they

27

28
---
[2] County and Sheriff are currently named defendants as to causes of action two and four.

1    oppose his motion to amend the complaint.[3]  (ECF No. 13.)  In order to amend his complaint,

2    Plaintiff must demonstrate good cause.  (ECF No. 16 at 4.)  As discussed below, the Court finds

3    that Plaintiff demonstrates good cause to amend the complaint.  However, Plaintiff has not met

4    the procedural requirements of Rule 11 in filing his motion for sanctions.

5        A.  CAL. CODE CIV. PROC. § 474 Allows Plaintiff to Add Deputy Youngberg as a Named

6            Defendant to the First Cause of Action.

7        Plaintiff argues that he should be allowed to add Deputy Youngberg as a named defendant

8    because he is merely replacing previously unknown DOE No. 1 with the name of the officer.

9    (ECF No. 13 at 6.)  Defendants contend that Plaintiff should not be allowed to amend his

10   complaint to add Deputy Youngberg as DOE No. 1 because Plaintiff did not establish good cause

11   for amending the complaint.  (ECF No. 16 at 3–4.)  Additionally, Defendants claim that allowing

12   an amendment would prejudice the Defendants.  (ECF No. 16 at 6–7.)  Defendants assert the

13   statute of limitations bars adding Deputy Youngberg and the amendment would not relate back to

14   the original.  (ECF No. 16 at 8.)

15       Actions brought under 42 U.S.C. § 1983 are governed by the state statute of limitations

16   for personal injury.  *Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  California Code of Civil

17   procedure § 335.1 states a Plaintiff must bring a claim within two years from the date the injury

18   occurred.  However, California Code of Civil Procedure § 474 ("section 474") allows DOE

19   defendants to be added within three years of the filing date of the original complaint if: (1) the

20   complaint states a cause of action against each DOE defendant; (2) the complaint alleges that the

21   plaintiff is ignorant of the true name of each DOE defendant; (3) the plaintiff is actually ignorant

22   of the true name at the time of filing; and (4) the plaintiff amends once the true name of the

23   defendant is discovered.  *Fireman's Fund. Ins. Co. v. Sparks Const., Inc.*, 114 Cal. App. 4th 1135,

24   1143 (2004).

25       If these requirements are fulfilled, the amendment is said to relate back to the original

26   complaint for the purposes of the statute of limitations.  *See Cabrales v. Cnty. of Los Angeles*, 864

27   F.2d 1454, 1463 (9th Cir. 1988) (holding that section 474 addresses a substantive state policy and

28   _____
     [3] Defendants have opposed Plaintiff's motion to amend.  (*See* ECF No. 16.)

as such is admissible in federal court); *see also Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) (holding that the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983).  Thus, section 474 would alter the statute of limitations and a complaint that meets the criteria of section 474 would not be time barred.[4]

### 1.   Plaintiff Satisfies the Requirements of Section 474.

Plaintiff satisfies the requirements of section 474 for California DOE pleading.  Plaintiff specifically asserts the first cause of action of his complaint is against DOE No. 1.  (ECF No. 1-1 at 12.)  As to the second requirement, when reviewing whether a plaintiff stated their ignorance in the complaint, a court should interpret the pleading liberally.  *See generally Dieckmann v. Superior Court*, 175 Cal. App. 3d 345, 354 (1985).  In his complaint, Plaintiff assigned DOE No. 1 to "Unknown Deputy No. 1."  (ECF No. 1-1 at ¶ 9.)  Plaintiff further alleges Doe 2 through Doe 50 "are as yet unknown to Plaintiff."  (ECF No. 1-1 at ¶ 10.)  Viewing these two statements liberally, the Court finds that Plaintiff met his pleading burden because he specified that Deputy No. 1 was unknown.  As to the third element that Plaintiff must be ignorant of the true identity of DOE No. 1 at the inception of the suit, *see McGee Street Prods. v. Workers' Comp. Appeals Bd.*, 108 Cal. App. 4th 717, 725 (2003), Defendant presents no evidence suggesting that Plaintiff was not ignorant of the Deputy's identity at the time the complaint was filed.  In fact, Defendant instead suggests that Plaintiff learned of Deputy Youngberg's identity in the Initial Disclosures.  (ECF No. 16 at 4.)  Thus, Plaintiff satisfies the third requirement.

The fourth element requires Plaintiff to amend the complaint when the true name of the DOE defendant is ascertained.  "Section 474 includes an implicit requirement that a plaintiff may not unreasonably delay his or her filing of a Doe amendment after learning a defendant's identity."  *A.N., a Minor v. Cnty. of Los Angeles*, 171 Cal. App. 4th 1058, 1066–67 (2009)

---

[4] The Ninth Circuit has found that the limited purpose of 15(c) is "to provide a uniform solution to statute of limitations problems when amendments are sought after the limitation period has expired; [the rule] was not designed to determine the length of the limitations period to be applied."  Cabrales v. Cnty. of Los Angeles, 864 F.2d 1454, 1463 (9th Cir. 1988) (quoting Lindley v. Gen. Elec. Co., 780 F.2d 797, 800 (9th Cir. 1986)), judgment vacated on other grounds, 490 U.S. 1087.  Accordingly, the Court's finding is not in conflict with Federal Rule of Civil Procedure 15(c).

1    (internal quotations omitted).  Unreasonable delay includes a prejudice element, which requires a

2    party opposing amendment to show that he or she would suffer prejudice because of a delay in

3    filing a Doe amendment.  *Id.* at 1067.  The standard for the fourth requirment is identical to the

4    standard used to demonstrate good cause under Rule 16.  As such, the discussion below finding

5    good cause also demonstrates the existence of the fourth requirement for section 474.

6         **2.  Plaintiff Demonstrates Good Cause to Amend the Complaint After the**

7              **Scheduling Order Deadline.**

8         Plaintiff argues there is good cause to amend the complaint because he was diligent in

9    seeking an amendment once Plaintiff identified the officer.  (ECF No. 18 at 4–5.)  Defendant

10   argues that Plaintiff was not diligent because he waited at least nine months and at most thirteen

11   months to request leave to amend after learning Deputy Youngberg's identity from Initial

12   Disclosures.  (ECF No. 16 at 4.)  In response, Plaintiff provides a timeline of discovery as a

13   means of demonstrating his diligence and contends that the delay was due to multiple

14   modifications of the scheduling order to accommodate witness depositions.  (ECF No. 18 at 4–5.)

15   Plaintiff asserts that he was diligent and that he purposely waited until the depositions were

16   completed in order to prevent multiple amendments.  (ECF No. 18 at 4–5.)

17        The primary concern in determining good cause is whether the moving party acted

18   diligently in seeking leave to amend.  *Johnson*, 975 F.2d at 609.  The focus of the inquiry is on

19   the reasons why the moving party seeks to modify the complaint.  *Id.* Here, Plaintiff has presented

20   good reason for the delay in filing.  Moreover the Court finds that allowing amendments is

21   supported by section 474.  The purpose of section 474 is to "enable a plaintiff to commence an

22   action before it has become barred by the statute of limitations due to plaintiff's ignorance of the

23   identity of the defendant and the statute should be liberally construed to accomplish that

24   purpose."  *Wallis v. Southern Pac. Transp. Co.*, 61 Cal. App. 3d 782, 786 (1976).  Given the

25   purpose of section 474, Plaintiff cannot reasonably ask to amend his complaint until he has

26   ascertained the name of the Deputy he alleges broke his arm.  While Defendant is correct that

27   Plaintiff deposed Deputy Youngberg on September 24, 2013, all of the depositions were not

28   completed until December 18, 2013.  Thus, the Court notes that Plaintiff filed his motion to

1    amend less than thirty days after the last deposition was taken.  Specifically, Plaintiff's motion to

2    amend the complaint was filed on January 15, 2014, five days after the January 10, 2014,

3    deadline for discovery.  The Court does not find that Plaintiff's minor delay in filing is indicative

4    of a lack of diligence.  *See Eberle v. Town of Southampton*, 87 Fed. R. Serv. 3d 169, *2

5    (E.D.N.Y. 2013) (finding that the plaintiff acted diligently where the scheduling order deadline

6    expired eleven days before Plaintiff moved to amend).

7        **3.  Defendants Fail to Meet Their Burden of Proving Prejudice Would Result if the**

8            **Court Grants Leave to Amend.**

9        Defendants claim that if the Court allows Plaintiff to amend his complaint, they will be

10    prejudiced.  (ECF No. 16 at 6–7.)  Defendants offer two arguments in support of their contention.

11    First, Defendants argue that the delay will prejudice them.  (ECF No. 18 at 6.)  Second,

12    Defendants contend that Deputy Youngberg will be prejudiced because he was not able to

13    participate in discovery.  (ECF No. 18 at 6–7.)  Plaintiff contends that Defendants knew at all

14    times during the complaint that DOE No. 1 referred to Deputy Youngberg and are thus not

15    prejudiced because they presumably engaged in discovery with this knowledge.  (ECF No. 18 at

16    6.)

17        To successfully plead an opposition to Plaintiff's motion to amend, Defendants must

18    "show not only that the plaintiff was dilatory but also that defendant suffered prejudice from any

19    such delay."  *Barrows v. American Motors Corp.*, 144 Cal. App. 3d 1, 9 (1983).  Delay alone will

20    not bar amendment.  *Id.*  As such, Defendants' argument that the delay will prejudice them

21    without more, is not well taken.  As to Defendants' arguments concerning the prejudicial effect

22    on Deputy Youngberg, the Court declines to find that it warrants denying Plaintiff's motion.

23    Defendants likely knew that Deputy Youngberg was involved in the altercation at issue, given

24    that they had all of the incident reports which they turned over to Plaintiff in their Initial

25    Disclosures.  Additionally, Deputy Youngberg had notice of the lawsuit and was deposed prior to

26    Plaintiff seeking leave to amend.  *See Eberle*, 87 Fed. R. Serv. 3d at *2 (finding no prejudice

27    where the defendants likely knew the identity of the "DOE" and that person had already been

28    deposed).

Therefore, the Court finds that Plaintiff has shown good cause and meets all the requirements of section 474.  Thus, Plaintiff's motion for leave to amend the first cause of action is GRANTED.

### B. Plaintiff's Naming of County and Sheriff in the Body of the Third Cause of Action Is Sufficient to Assert that Cause of Action Against Them.

Plaintiff has also moved to amend the third cause of action of the complaint so that the caption specifically names the County and Sheriff.  (ECF No. 13 at 3.)  Defendants contend that Plaintiff failed to demonstrate good cause under Rule 16 as to why Sheriff and County should be added to the third cause of action after waiting two years.  (ECF No. 16 at 4–5.)  The Ninth Circuit has held that a defendant is said to be named in the cause of action even if they are not in the caption "if the allegations made in the body of the complaint make it plain that the party is intended as a defendant."  *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (quoting *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)).  Here, as in *Barsten*, Plaintiff did not name County or Sheriff in the caption of the third cause of action.  Instead, Plaintiff mentions both the County and the Sheriff's liability in the body paragraph of the action.  This is sufficient to prove Plaintiff's clear intent to bring the third cause of action against County and Sheriff.[5]

### C. The Plaintiff's Motion for Sanctions Under Rule 11 is Improperly Pleaded.

Plaintiff requests that Rule 11 sanctions be imposed on Defendants if they oppose the Plaintiff's motion to amend his complaint.  (ECF No. 13 at 7.)  Defendants contend that sanctions are inappropriate because: the motion was not brought separately; Defendants were not provided with the safe harbor allowance; and there were no signed documents filed with the court upon which sanctions may be brought.  (ECF No. 10–11.)  Because Defendants' first two contentions are dispositive of the sanctions issue, the Court declines to discuss whether appropriate documents were filed with the Court upon which sanctions could be brought.  The Court addresses Defendants' other two arguments in turn.

---

[5] Rule 15(c) is inapplicable in light of the Ninth Circuit's holding in *Barsten* that the plaintiff adequately named the Secretary of the Navy in his complaint the first time around in the body paragraph of the cause of action.  *Barsten*, 896 F. 2d at 424.  Thus, the Court need not address relation back in context of this amendment.

First, a motion for sanctions must be made separately from any other motions.  FED. R. CIV. P. 11(c)(2); *see also Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996) (stating that the inclusion of a motion for sanctions within the memorandum in support of a motion to dismiss does not meet the procedural requirements of Rule 11).  Plaintiff fails to follow the procedural requirements necessary to move for Rule 11 Sanctions.  Plaintiff moved for Rule 11 sanctions within the memorandum in support of his motion to amend his complaint.  Under *Johnson*, this is an inappropriate vessel to move for sanctions.

Second, the Rule 11 Safe Harbor provision is mandatory and a party must serve the motion on the non-moving party twenty-one days prior to filing with the court.  *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).  Plaintiff must show that he has complied with the twenty-one day Safe Harbor provision to succeed on a Rule 11 sanctions motion.  *United Food and Commercial Workers Union Local No. 576 v. Four B Corp.*, 893 F. Supp. 980, 987 (D. Kan. 1995) [hereinafter *United Food*].  Like in *United Food*, Plaintiff failed to present any evidence that he served a motion on the Defendants twenty-one days prior to filing the motion with the court.  Since Safe Harbor is mandatory, Plaintiff must demonstrate that he complied with the provision.  Plaintiff has failed to do so.

The Court finds that because Plaintiff failed to comply with the Rule 11 procedural requirements the motion for sanctions is DENIED.

### IV.    CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiff's motion to amend his first and third causes of actions and DENIES the Plaintiff's motion for sanctions.  Plaintiff is hereby ordered to file the amended complaint within thirty days of the filing of this order.  In addition, the parties are ordered to meet and confer and present the Court with proposed amendments to the current scheduling order regarding timing and scope.  Finally, due to Plaintiff's amendment, all pending motions are hereby DENIED as moot.

IT IS SO ORDERED.

Dated: June 25, 2014

Troy L. Nunley
United States District Judge